**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4565**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SAQUANN ROSHEEM GLOVER,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:16-cr-00235-D-1)

Submitted:  February 15, 2018                    Decided:  February 16, 2018

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saquann Rosheem Glover appeals his 78-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). Glover's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in calculating Glover's Sentencing Guidelines range. Specifically, counsel questions whether the district court improperly enhanced Glover's base offense level in reliance on its conclusion that his prior North Carolina conviction for assault with a deadly weapon with intent to kill qualifies as a crime of violence. Glover was notified of his right to file a pro se supplemental brief but has not done so. The Government has moved to dismiss the appeal pursuant to the appeal waiver provision in Glover's plea agreement. For the reasons that follow, we grant the motion to dismiss the appeal in part and affirm the district court's judgment in part.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government has moved to enforce the waiver and there is no claim that the Government has breached the plea agreement, we will enforce the waiver "to preclude [the] defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). An appeal waiver is valid if the defendant agreed to it knowingly and intelligently. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver, however, does not preclude an appeal raising an issue that cannot be waived by law, such as a claim that the sentence exceeds the

2

statutory maximum, that race or some other constitutionally impermissible factor influenced the defendant's sentence, or that the defendant was denied the right to counsel. *See Copeland*, 707 F.3d at 530.

Our review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing reveals that Glover knowingly and voluntarily waived his right to appeal. Further, the issue counsel seeks to raise falls squarely within the waiver's compass.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss Glover's appeal as to all issues within the scope of the appeal waiver. We deny the Government's motion in part and affirm the district court's judgment as to any issue not precluded by the appeal waiver.

This court requires that counsel inform Glover, in writing, of the right to petition the Supreme Court of the United States for further review. If Glover requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Glover.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*